In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1415

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALANDOUS BRIGGS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:17-cr-00139-TWP-TAB-1 — **Tanya Walton Pratt**, *Judge.*

ARGUED NOVEMBER 27, 2018 — DECIDED MARCH 27, 2019

Before BAUER, HAMILTON, and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* Alandous Briggs pleaded guilty to being a felon in possession of a firearm after officers found drugs and firearms at his home during a parole visit. At sentencing, the district court applied a four-level enhancement for possessing a firearm in connection with felony possession of drugs. But because the district court made essentially no factual findings connecting Briggs's

firearms to his felony drug possession, we reverse and remand for resentencing.

I.

In December 2016, Indiana state parole officers conducted a parole visit at Alandous Briggs's home. After consenting to a search, he admitted that there was marijuana (299 grams), cocaine (.45 grams), and firearms (3 loaded handguns) in the master bedroom. On a shelf next to the marijuana, the officers also found a digital scale. The officers arrested Briggs and seized his cell phone—which turned out to contain pictures and texts confirming that the guns were his.

Briggs was charged with one count of being a felon in possession of a firearm. Although the parties did not come to a plea agreement, Briggs petitioned to enter a plea of guilty and requested a presentence investigation report. The probation office's initial report concluded that Briggs had committed a felony drug offense in connection with the firearm possession, which warranted a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) (specifying an enhancement for those who "used or possessed any firearm … in connection with another felony offense"). Briggs filed an objection to this enhancement, arguing that his firearm possession was unrelated to the drugs found in his home.

The district court conducted a combined plea and sentencing hearing. After accepting his plea, the district court turned to Briggs's sentencing objection. The government claimed that the enhancement applied based on two separate felonies: felony drug possession and felony drug trafficking. Briggs again maintained that his firearms were unrelated to

the drugs. But the district court held that the enhancement applied and sentenced Briggs to 84 months.

Briggs appeals that sentencing decision. His sole argument on appeal is that the district court erred by finding that his possession of firearms was connected to another felony.

II.

As an initial matter, the government claims that the district court found that the enhancement applied based on both felony drug possession and felony drug trafficking. We disagree. The district court discussed both felonies at sentencing, but it ultimately concluded that only felony drug possession triggered the enhancement. It explained that although "there's an inference that the defendant *may have been involved* in some drug distribution, … at minim[um], he was possessing drugs." (emphasis added). We take this to mean that the district court wasn't deciding whether the enhancement applied because of the suspected drug trafficking, resting its decision instead only on felony possession, which Briggs admitted. Thus, the question that we face on appeal is whether the district court erred in concluding that the enhancement applied in connection with Briggs's felony possession of cocaine.[1]

To enhance a defendant's sentence for possessing a firearm in connection with another felony, the firearm must

---

[1] Although the district court was not clear on this point, only Briggs's cocaine possession constitutes a felony. *See* IND. CODE § 35-48-4-6. His marijuana possession did not constitute a felony because he did not have a prior drug conviction. *See id.* § 35-48-4-11. So only the cocaine possession could have triggered the enhancement.

have been connected to the second crime. *See* U.S.S.G. § 2K2.1 & cmt. n. 14(A) (stating that "in connection with" means that the firearm "facilitated, or had the potential of facilitating, another felony offense"). We have noted before that "[m]ere contemporaneous possession while another felony is being committed is not necessarily sufficient, and possessing a gun while engaged in the casual use of drugs might not give rise to the inference that the gun was possessed in connection with the drugs." *United States v. LePage*, 477 F.3d 485, 489 (7th Cir. 2007).

The problem here is that the district never made any findings about how Briggs's felony cocaine *possession* was connected to his firearms. It simply assumed that because the firearms were probably connected to drug trafficking (because of the combination of the cocaine, marijuana, and digital scale), they were probably connected to his mere possession of the cocaine. But that logic doesn't hold up. Analyzing whether firearms are connected to drug trafficking is different from analyzing whether they are connected to possessing a small quantity of drugs. *See id.* (explaining that the existence of a dilution agent, for example, was "consistent with being a dealer and not simply a casual user of the drug"); *United States v. Smith*, 535 F.3d 883, 885–86 (8th Cir. 2008) (noting the differences between drug trafficking and drug possession as it relates to the § 2K2.1(b)(6) enhancement). In fact, the guidelines themselves distinguish between drug trafficking and other offenses like drug possession. *See* § 2K2.1 cmt. n. 14(B) (specifying that the enhancement applies to a "drug trafficking offense" when drug-manufacturing materials are found in proximity to firearms).

Perhaps the district court here thought that the guns emboldened Briggs's possession of cocaine. *See, e.g.*, *United States v. Jenkins*, 566 F.3d 160, 163 (4th Cir. 2009) (applying the enhancement to a defendant who brought cocaine and a gun onto a public street because the "environment suggest[ed] that there was a heightened need for protection and that the firearm emboldened [him]"). Or maybe it thought that because Briggs had both cocaine and marijuana in the house, he simply wanted to protect all of the drugs that he had there. But the problem is that we don't know what the district court thought. Put differently, "[w]e have essentially no fact findings at all by the district court *relevant to this issue*." *United States v. Clinton*, 825 F.3d 809, 813 (7th Cir. 2016) (emphasis added). The district court mostly discussed the drug scale and the amount of marijuana found in Briggs's home—but neither of those facts bears directly on Briggs's cocaine possession. Instead, they go to whether he might have been dealing drugs. And the court's vague suggestion that the guns might have been there "to protect something"—apparently made in the context of drug trafficking—wouldn't be enough to connect the guns to felony possession of cocaine even if that had been what the court was referring to.

In short, the mere fact that guns and drugs are found near each other doesn't establish a nexus between them. *See LePage*, 477 F.3d at 489. A court must say more to connect the two. Thus, the district court clearly erred in applying the § 2K2.1(b)(6) enhancement because its findings do not support a conclusion that Briggs's firearms were connected to his possession of less than half a gram of cocaine. *See Clinton*, 825 F.3d at 814 ("We do not hold that the enhancement is inapplicable as a matter of law, but the fact findings in this record do not support the enhancement.").

The sentence is VACATED and the case REMANDED for resentencing consistent with this opinion.