NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2022
Decided October 19, 2022

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2972

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20CR00091-001 |
| ANTHONY L. FLANAGAN, *Defendant-Appellant.* | James R. Sweeney, II, *Judge.* |

**O R D E R**

When officers arrested Anthony Flanagan, a heroin addict, they found three grams of heroin, a scale, a pipe, and four firearms nearby. Flanagan pleaded guilty to possessing the guns illegally. 18 U.S.C. § 922(g)(1). At sentencing, the prosecution announced for the first time that two informants, who never testified, had told the government that Flanagan had not just used, but also dealt, heroin. After acknowledging that some of the evidence "could go another way," the district court relied on the government's assertion that Flanagan was dealing heroin, ruled that Flanagan possessed the guns in connection with trafficking heroin, and therefore

increased the offense level by four. U.S.S.G. § 2K2.1(b)(6)(B). Because the district court wrongly considered unsubstantiated accusations, the remaining evidence was insufficient, and the court did not make adequate findings to support the increase, we reverse and remand for resentencing.

## I. Background

Police arrested Flanagan in 2019 for violating the terms of his parole following state-court convictions from 2012. During the arrest, which occurred at his home, officers found heroin (in a single, solid mass weighing three grams), a scale, and a pipe on a table. They also found four guns: a rifle and a handgun near the table, and two handguns in a bedroom.

Flanagan pleaded guilty to one count of illegally possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). As relevant here, the probation office recommended a four-offense-level increase for possessing the guns "in connection with" another felony. U.S.S.G. § 2K2.1(b)(6)(B). The probation office concluded, over Flanagan's objection, that Flanagan possessed the guns in connection with "dealing controlled substances."

The court addressed that objection at sentencing. Flanagan argued that the heroin was for himself only because he is a heroin addict, and he uses about one gram each day. Also, he continued, he had no intent or means to sell the solid three grams: the officers found no tools to divide the heroin for sale, no bags to contain smaller, saleable quantities, and no other drugs. He explained that he used the scale to avoid overdosing, not to weigh the heroin for sale. And, he continued, his pipe further showed that the heroin was for personal use. The prosecutor replied that two of the guns were next to the heroin. Then, for the first time, the government asserted that two informants told police Flanagan was a heroin user *and* dealer. These informants, however, did not testify and went unnamed.

The district court found that Flanagan possessed the guns in connection with trafficking heroin. Before it explained its finding, it acknowledged that, based on some of the evidence, its finding "could go another way." But it thought that the quantity of three grams (when Flanagan said he uses only one gram daily), the scale, and a civil regulation suggesting that possessing more than one gram may imply an intent to sell, *see* 28 C.F.R. § 76.2(h)(6), indicated trafficking. The court also explained that because Flanagan kept four guns near the heroin, he possessed them for trafficking. Further, the

court noted Flanagan's 2012 convictions for trafficking. Finally, the court relied on the informants' accusations that Flanagan dealt heroin. Later during the sentencing, the court added another reason for the enhancement: because Flanagan possessed heroin while unemployed, he was likely trafficking, as Flanagan "had to get that money from someplace."

With the four-level increase, the guidelines range was 84 to 105 months' imprisonment. The court sentenced Flanagan to 89 months. Without the increase, the guidelines range would have been 57 to 71 months.

## II. Analysis

Possessing a gun as a felon "in connection with another felony offense" triggers a four-offense-level increase if the government proves by a preponderance of the evidence (1) that the other felony occurred and (2) a gun "facilitated, or had the potential of facilitating," the other felony. U.S.S.G. § 2K2.1(b)(6)(B) & cmt. n.14(A); *United States v. Sandidge*, 784 F.3d 1055, 1062 (7th Cir. 2015). When the other felony involves drug trafficking, as the government alleged in this case, the increase may be warranted if "a firearm is found in close proximity to drugs … or drug paraphernalia." U.S.S.G. 2K2.1(b)(6)(B) cmt. n.14(B). But even then, to apply the enhancement, the judge "must find that the gun had some purpose or effect in relation to" trafficking. *United States v. LePage*, 477 F.3d 485, 489 (7th Cir. 2007).

On appeal, Flanagan argues that the district court wrongly applied the enhancement for two reasons. First, he contends that the district court improperly considered the informants' accusations that he sold heroin. Second, he argues that the remaining evidence and the district court's findings were insufficient to apply the enhancements. We agree on both counts.

### A. Unsubstantiated Accusations

We review de novo whether a district court followed proper sentencing procedure, including whether it considered permissible information when sentencing a defendant. *United States v. Wood*, 31 F.4th 593, 597, 599 (7th Cir. 2022). When parties dispute facts affecting a sentence, the court must "make factual findings based on the evidence." *United States v. Gibbs*, 26 F.4th 760, 766 (7th Cir. 2022) (citing *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005)). In doing so, the court may consider only information with "sufficient indicia of reliability to support its probable accuracy";

these indicia include the level of detail provided, corroboration by other evidence, or cross-examination. *United States v. Smith*, 674 F.3d 722, 732 (7th Cir. 2012).

In finding that Flanagan possessed the guns to traffic the heroin, the district court erred as a matter of law by relying on the government's assertions about its informants because those assertions lacked any indicia of reliability. *See Gibbs*, 26 F.4th at 766; *see also United States v. Helding*, 948 F.3d 864, 871–72 (7th Cir. 2020). The government did not disclose these informants or any statements made by them in advance of sentencing even though Flanagan had objected to the enhancement. The PSR did not reference the informants or the statements. The government's description of the informants' accusation supplied no details other than the vague assertion that Flanagan was a heroin dealer and user. The informants neither testified under oath nor submitted affidavits to explain themselves, and nothing corroborated or elaborated upon their accusations. With these omissions, the court could not solely rely on the government's description of what the informants said[1]. *Gibbs*, 26 F.4th at 766.

### B. Remaining Evidence and Factual Findings

We next consider whether the district court's reliance on the accusations was harmless error. FED. R. CRIM. P. 52(a). We conclude that it was not. In our view, once the government excludes the informant's accusations from the evidence it presented to the district court, it did not prove that Flanagan possessed guns in order to traffic heroin. In addition, the district court's findings did not adequately connect Flanagan's guns to his alleged trafficking.

As noted above, the government must prove by a preponderance of the evidence that Flanagan possessed the guns in connection with heroin trafficking. We review the district court's factual finding on that point for clear error. *See United States v. Clinton*, 825 F.3d 809, 811 (7th Cir. 2016). This means that we must affirm unless our "review of the evidence leaves us with the definite and firm conviction that a mistake has been made." *Sandidge*, 784 F.3d at 1061 (quoting *United States v. Johnson*, 765 F.3d 702, 708 (7th Cir. 2014)).

Here, the district court clearly erred for two reasons.

---

[1] We pause to note that at oral argument the government's counsel acknowledged this error; we appreciate his candor.

First, once the government excludes the informants' accusations, it lacks a preponderance of evidence showing that Flanagan trafficked heroin, let alone that he used his guns to facilitate trafficking. The evidence was equally consistent with both personal use and trafficking, and none of it turned on the credibility of any witness. The civil regulation on which the court relied did not compel a finding of trafficking; given Flanagan's undisputed heroin habit of one gram per day and his nearby pipe, the three grams of heroin could have been for sale or for three days of his personal use. Likewise, he could have used the scale to weigh heroin for sale or to ensure he did not overdose. And given that he was unemployed, he might have kept the nearby guns to protect a drug trade or to protect himself and the safety of his short-term personal supply. Even the district court acknowledged that much of this evidence supported a finding that "could go another way." Because this evidence was at best in equipoise, the government did not carry its burden of proof by a preponderance of evidence.

Second, the district court clearly erred in applying the increase because it did not make sufficient findings connecting Flanagan's guns to his alleged heroin trafficking. *See Clinton*, 825 F.3d at 813–15; *see also United States v. Briggs*, 919 F.3d 1030, 1032–33 (7th Cir. 2019) (requiring findings connecting guns to drug possession). In the view of the district court, the evidence showed that Flanagan was trafficking heroin. But that finding is necessary, not sufficient, for the enhancement; the court also needed to find that the guns *facilitated* the trafficking of the heroin or could have done so. U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(A); *Clinton*, 825 F.3d at 812. On that latter point, the court opined that it was "not sure what you would need [the guns] for but for in furtherance of that crime of distribution." This remark ignores that guns can be used for personal protection. More fundamentally, because the court was "not sure" that the guns furthered the distribution of heroin, the court never found that the guns facilitated heroin trafficking. Therefore, the enhancement was improper. *See Clinton*, 825 F.3d at 814.

### III. Conclusion

We thus VACATE Flanagan's sentence and REMAND to the district court for resentencing.