In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 22-1472
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

PHILLIP ROBINSON,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 19-cr-00933-2 — John J. Tharp, Jr., Judge.
 ____________________

 ARGUED FEBRUARY 8, 2023 — DECIDED MARCH 9, 2023
 ____________________

 Before FLAUM, SCUDDER, and ST. EVE, Circuit Judges.
 FLAUM, Circuit Judge. Phillip Robinson appeals the district
court’s application of a sentencing enhancement following a
jury trial. Primarily, he raises the familiar challenge that the
Constitution prohibits using acquitted conduct for sentencing
purposes. He also argues that the district court’s factual ﬁnd-
ings do not support its application of the enhancement. We
aﬃrm on both fronts.
2 No. 22-1472

 I. Background

 In late 2019, Robinson agreed to let an acquaintance, Jose
Solorzano, stay at his home in Chicago. Robinson apparently
knew that Solorzano was there to sell cocaine; the two fre-
quently exchanged coded text messages about potential deals.
One day, Robinson drove to Indiana to pick up Solorzano af-
ter an ill-fated transaction had ended with Solorzano getting
robbed. Robinson later texted Solorzano, “You should have
taken me to watch your back.”
 Soon afterwards, Solorzano arranged a deal with an un-
dercover officer. Robinson agreed to drive him, and upon
their arrival, authorities approached the vehicle to arrest
them. One officer said that, during the arrest, he saw his col-
league pull a handgun from Robinson’s waistband. The gun
was loaded. In addition, the officer who interrogated Robin-
son following the arrest said that Robinson told him he had
brought the gun to avoid being robbed.
 Robinson went to trial. The jury found him guilty of con-
spiring to possess cocaine with intent to distribute and of pos-
sessing a firearm as a felon. On the other hand, it found him
not guilty of possessing a firearm “in furtherance of” the con-
spiracy. See 18 U.S.C. § 924(c)(1)(A). 1 The government then
sought an enhancement to Robinson’s sentence for the felon-
in-possession conviction on the grounds that he possessed a
firearm “in connection with” the cocaine conspiracy. See
U.S.S.G. § 2K2.1(b)(6)(B). The court applied the enhancement
over Robinson’s objection, and Robinson appealed.

 1 The jury also found Robinson not guilty of possessing cocaine with

intent to distribute.
No. 22-1472 3

 II. Discussion

 Robinson first contends that the district court’s use of ac-
quitted conduct to enhance his sentence violated his constitu-
tional rights. Second, he argues that the district court did not
make sufficient factual findings to apply the enhancement.
 Use of Acquitted Conduct
 We review a defendant’s constitutional challenge to his
sentence de novo. United States v. Castro-Aguirre, 983 F.3d 927,
942 (7th Cir. 2020). Robinson objects to the district court’s con-
clusion during sentencing that he possessed a firearm “in con-
nection with” the cocaine conspiracy. See U.S.S.G.
§ 2K2.1(b)(6)(B). The jury had already found him not guilty of
possessing a firearm “in furtherance of” the conspiracy. See
18 U.S.C. § 924(c)(1)(A). According to Robinson, the Constitu-
tion does not permit the district court’s use of acquitted con-
duct for sentencing purposes.
 The Supreme Court says otherwise. In United States v.
Watts, it endorsed this practice “so long as [the acquitted] con-
duct has been proved by a preponderance of the evidence.”
519 U.S. 148, 155–57 (1997). 2 Time and again, we have relied
on Watts to reject the same argument Robinson raises now.
See, e.g., United States v. Jones, 56 F.4th 455, 514 (7th Cir. 2022);

 2 Even assuming Watts is best read as confined to the Fifth Amend-

ment’s Double Jeopardy Clause, see United States v. Booker, 543 U.S. 220,
240 & n.4 (2005), litigants relying on a different constitutional provision
must “construct an argument” that does not “war with the logic of Watts
and ‘miss[] the distinction between elements of an offense and facts rele-
vant to sentencing.’” United States v. Waltower, 643 F.3d 572, 577 n.2 (7th
Cir. 2011) (alteration in original) (quoting United States v. Vaughn, 430 F.3d
518, 526 (2d Cir. 2005)).
4 No. 22-1472

United States v. Gan, 54 F.4th 467, 482–83 (7th Cir. 2022); United
States v. Bravo, 26 F.4th 387, 399 (7th Cir. 2022); United States v.
McClinton, 23 F.4th 732, 735 (7th Cir. 2022).
 None of the cases Robinson cites convinces us to change
course. To be sure, the Supreme Court may someday revisit
Watts. See McClinton, 23 F.4th at 735. The most we can offer
under currently controlling precedent, however, is that Rob-
inson has preserved his argument for further review.
 Findings Supporting Enhancement
 Robinson next argues that the district court did not make
sufficient factual findings to apply the enhancement. Again,
the court had to determine whether Robinson possessed a
firearm “in connection with” the conspiracy to possess co-
caine with intent to distribute. See U.S.S.G. § 2K2.1(b)(6)(B);
see also id., cmt. n.14(A) (describing the inquiry as whether
“the firearm … facilitated, or had the potential of facilitating,”
the cocaine conspiracy).
 We review for clear error. United States v. Clinton, 825 F.3d
809, 811 (7th Cir. 2016). 3 Although this standard is lenient, the
district court must provide enough detail for us to “know
what [it] thought” about the facts supporting the enhance-
ment. See United States v. Briggs, 919 F.3d 1030, 1033 (7th Cir.
2019). If the court’s findings do not illuminate a link between
the gun and the drug felony, we will remand. See Clinton,
825 F.3d at 813 (“[W]e have essentially no fact findings at all
by the district court relevant to this issue.”); Briggs, 919 F.3d

 3 The parties dispute whether Robinson forfeited this issue; if he did,

plain-error review would apply. United States v. Foy, 50 F.4th 616, 622 (7th
Cir. 2022). We need not resolve this disagreement because Robinson’s
challenge would fail even if he preserved it.
No. 22-1472 5

at 1032 (“[T]he district [court] never made any findings about
how Briggs’s felony cocaine possession was connected to his
firearms.” (emphasis omitted)).
 Here, the district court observed that “Robinson volun-
teered to provide security for … Solorzano after Solorzano
was robbed” in Indiana. The court also noted that, on the day
Robinson drove Solorzano to the prospective drug deal with
the undercover officer, he had a loaded “firearm on his per-
son.” It surmised that Robinson had brought the gun “to pro-
vide assurance that the transaction would take place on the
terms expected”—that is, to avoid “being robbed.”
 This reasoning is far from clear error. We have no doubt
about the district court’s rationale for connecting the gun to
the cocaine conspiracy, and the record supports its findings.
Application of the enhancement was thus appropriate.

 III. Conclusion

 For these reasons, we AFFIRM the district court’s decision.