**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4187

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER RAEKWON ALLEN MILES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00229-WO-1)

Submitted:  October 31, 2022                    Decided:  January 4, 2023

Before WYNN and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Mary Ann Courtney, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Raekwon Allen Miles appeals the 66-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Miles challenges the district court's imposition of a Sentencing Guidelines enhancement for possessing a firearm in connection with another felony offense. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). He also argues that his sentence, which is above the high end of the advisory Guidelines range, is substantively unreasonable. Finding no error, we affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first evaluate the sentence for significant procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the chosen sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We then consider whether the sentence is substantively reasonable; that is, we examine whether the sentence is sufficient, but not greater than necessary, to "satisf[y] the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

When considering a challenge to the district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). If the district court's factual findings are "plausible in light of the record viewed in its entirety," we "may not reverse" for clear error. *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (internal

2

quotation marks omitted).  Rather, "[u]nder the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

Section 2K2.1(b)(6)(B) directs a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  USSG § 2K2.1(b)(6)(B).  A firearm is possessed "in connection with" another felony offense "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  USSG § 2K2.1 cmt. n.14(A); *see United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009).  "[T]his standard is not especially burdensome: We will find it satisfied when a firearm has some purpose or effect with respect to the other offense, including cases where a firearm is present for protection or to embolden the actor." *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020) (internal quotation marks omitted).  To impose the enhancement, a district court must find the underlying facts by a preponderance of the evidence; that is, the court must "believe that the existence of [the] fact[s] is more probable than [their] nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

Here, the district court found that Miles possessed a firearm in connection with the drug trafficking offense of possession with intent to distribute marijuana.  Miles concedes that the evidence supports that he engaged in a felony drug trafficking offense, but he argues that the evidence was insufficient to show that he possessed the firearm in connection with that offense.  Having reviewed the record, we conclude that there was sufficient evidence from which the court could find that it was more likely than not that the

3

firearm emboldened Miles or was present for the protection of his drug trafficking activity. Accordingly, the court did not clearly err in imposing the USSG § 2K2.1(b)(6)(B) sentencing enhancement.

Turning to Miles' challenge to the substantive reasonableness of his sentence,[*] a sentence is substantively reasonable only if it is "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). Accordingly, in reviewing a sentence for substantive reasonableness, we consider "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Miles' sentence of 66 months' imprisonment was 15 months above the high end of the advisory Guidelines range of 41 to 51 months' imprisonment. However, the district court thoroughly discussed how the § 3553(a) factors justified the sentence imposed, reasoning that this variance was necessary to serve the statutory purpose of deterrence given Miles' persistent recidivism, disregard for others' safety, and overly lenient prior

---

[*] Although Miles does not dispute the procedural reasonableness of his sentence on grounds other than the USSG § 2K2.1(b)(6)(B) enhancement, we conclude that the sentence is otherwise procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (holding that court must ensure sentence's procedural reasonableness before addressing defendant's challenge to substantive reasonableness).

sentences.  The court also emphasized that Miles had fired the illegal firearm into the air eight times on one occasion, seriously endangering the public, and that this conduct was not incorporated in the calculation of his advisory Guidelines range.  In light of the court's thorough explanation, we conclude that Miles' sentence is substantively reasonable.

Accordingly, we affirm Miles' criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*