**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4539**

———————

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

BRAYAN MENGOU,

         Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:20-cr-00008-GMG-RWT-2)

———————

Submitted:  January 30, 2023                    Decided:  February 15, 2023

———————

Before NIEMEYER and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Aaron D. Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brayan Mengou pleaded guilty, pursuant to a written plea agreement, to aiding and abetting the illegal transportation or receipt of firearms, in violation of 18 U.S.C. §§ 922(a)(3), 924(a)(1)(D).  The district court sentenced him to 60 months' imprisonment. On appeal, Mengou's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Mengou's sentence is reasonable.  For the following reasons, we affirm.

We review Mengou's sentence "for reasonableness 'under a deferential abuse-of-discretion standard.'"  *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  Our reasonableness review has procedural and substantive components.  We first must ensure that the district court did not commit procedural error, such as "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51).  "When rendering a sentence, the district court must make an individualized assessment based on the facts presented"; state in open court the reasons supporting its chosen sentence; and "address the parties' nonfrivolous arguments in favor of a particular sentence" and, if it rejects them, explain why in a manner allowing for "meaningful appellate review."  *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted).

2

If the sentence is procedurally sound, we review the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable, and Mengou bears the burden of demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

*Anders* counsel questions whether the district court erred in enhancing Mengou's base offense level by four levels pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). The Guidelines instruct that the enhancement is warranted if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "[A] firearm is possessed 'in connection with' another felony offense for purposes of the four-level enhancement when that firearm 'facilitated[] or had the potential of facilitating' another felony." *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020) (quoting USSG § 2K2.1 cmt. n.14(A)). "[T]his standard is not especially burdensome: We will find it satisfied when a firearm has some purpose or effect with respect to the other offense, including cases where a firearm is present for protection or to embolden the actor." *Id.* (internal quotation marks omitted). "When the other felony

3

offense is drug *trafficking,* then . . . a firearm found in close physical proximity to drugs presumptively has the potential of facilitating the trafficking offense." *Id.* at 287-88 (cleaned up); *see* USSG § 2K2.1 cmt n.14(B). We conclude that the district did not clearly err by applying the four-level enhancement because, at the very least, Mengou possessed a firearm with "reason to believe" that it would be used or possessed in connection with a drug trafficking offense. *See* USSG § 2K2.1(b)(6)(B).

*Anders* counsel further questions whether the district court adequately addressed Mengou's nonfrivolous arguments in favor of a reduced sentence, including the mitigating effects of his youth and his traumatic childhood. Upon review, we conclude that the district court sufficiently explained its reasons for imposing a 60-month sentence and implicitly acknowledged Mengou's mitigation arguments in that explanation. *See United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (noting that reviewing courts can use surrounding context to infer sufficient consideration of mitigation arguments). The court considered Mengou's extensive involvement with gangs and drugs, his long criminal history that began at the age of 13, his prior felony conviction for a gang-related assault, and his minimal employment history. However, the court also paid particular attention to a pre-sentencing forensic psychiatric evaluation of Mengou that recounted in detail his personal history and traumatic childhood, considered the arguments regarding Mengou's young age in finding that he needed the structure and training that prison would provide, and imposed a supervised release condition designed to assist Mengou escape his gang-related past. Therefore, we conclude that Mengou's sentence was procedurally reasonable. Finally, we conclude that Mengou's within-Guidelines sentence was also substantively reasonable.

4

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mengou, in writing, of the right to petition the Supreme Court of the United States for further review. If Mengou requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mengou.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*