**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4264**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BYRON KEITH HOWARD,

Defendant - Appellant,

**No. 20-4273**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BYRON KEITH HOWARD,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:19-cr-00491-WO-1; 1:18-cr-00380-WO-1)

Submitted: August 19, 2022                    Decided: March 23, 2023

Before NIEMEYER and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** George E. Crump, III, Rockingham, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Keith Howard pleaded guilty to possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("the drug offense") (No. 20-4273), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) ("the firearm offense") (No. 20-4264). The district court sentenced Howard to 132 months' imprisonment on the drug offense and 120 months' imprisonment on the firearm offense, with all but six months to run concurrently. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal but questioning whether the district court abused its discretion by denying Howard's motion to withdraw his guilty plea to the firearm offense; erred by applying a four-level enhancement to Howard's advisory Sentencing Guidelines range for possessing a firearm in connection with another felony; or clearly erred by declining to grant Howard a three-level reduction to his Guidelines range for acceptance of responsibility. Howard also filed a pro se brief, arguing that his guilty plea to the firearm offense was not knowing, voluntary, or supported by a sufficient factual basis; the plea agreement for the firearm offense is void; and his attorneys rendered ineffective assistance. Following our review of the record pursuant to *Anders*, we directed the parties to file supplemental briefs addressing whether the district court erred by requiring Howard to establish a fair and just reason for withdrawal of his guilty plea to the firearm offense. We now affirm the criminal judgments.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely

3

consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, *id.* 11(b)(2), and that there is a factual basis for the plea, *id.* 11(b)(3). After reviewing the record, we conclude that Howard's guilty pleas were knowing and voluntary, and the district court did not abuse its discretion by concluding that Howard's plea to the firearm offense was supported by a sufficient factual basis. *See United States v. Ketchum*, 550 F.3d 363, 367 (4th Cir. 2008) (stating standard of review). We further conclude that Howard's challenge to the validity of the plea agreement is without merit.

As to Howard's motion to withdraw his guilty plea to the firearm offense, a defendant may withdraw a plea after a court has accepted it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, a defendant may withdraw a plea "before the court accepts the plea[] for any reason or no reason." *Id.* 11(d)(1).

4

"Federal Rule of Criminal Procedure 11(b)(3) requires the district court to determine whether a factual basis exists before entering judgment on a guilty plea." *Ketchum*, 550 F.3d at 366.  However, a district court is not required find a factual basis for a defendant's plea before *accepting* the plea, and "it may defer [that] inquiry until sentencing." *United States v. Martinez*, 277 F.3d 517, 531 (4th Cir. 2002).  Thus, Rule 11 does not condition a court's acceptance of a guilty plea upon the finding of a factual basis.  *See United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010).  We have not directly addressed the effect of a district court's deferral of its factual basis finding on a defendant's subsequent motion to withdraw his guilty plea.  However, in *United States v. Battle*, 499 F.3d 315, 321-22 (4th Cir. 2007), we addressed the similar issue of whether a defendant must show a fair and just reason to withdraw his plea when the court has accepted his guilty plea but deferred acceptance of the plea agreement.  There, we concluded that the defendant was required to establish a fair and just reason for withdrawal even though the district court had not unequivocally accepted his guilty plea, in part because acceptance of the plea agreement was not a precondition for the court's acceptance of the plea itself.  *See id.*

We conclude that the same principle applies in this case.  Although the district court deferred finding a factual basis for Howard's guilty plea until sentencing, it otherwise fully accepted his plea during the Fed. R. Crim. P. 11 hearing.  The district court's decision to defer the factual basis finding did not affect its ability to accept Howard's guilty plea during the plea hearing for the purposes of Rule 11.  *See Mobley*, 618 F.3d at 545.  Thus, the district court did not err by requiring Howard to establish a fair and just reason for withdrawing his guilty plea to the firearm offense.  *See* Fed. R. Crim. P. 11(d).  We further

5

conclude that the district court did not abuse its discretion by denying Howard's motion under that standard. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

As to Howard's sentences, we review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. McDonald*, 28 F.4th 553, 561 (4th Cir. 2022) (internal quotation marks omitted). "When evaluating a sentencing court's calculation of the advisory Guidelines range, this [c]ourt reviews the district court's factual findings, and its judgment regarding factual disputes, for clear error." *United States v. Medley*, 34 F.4th 326, 337 (4th Cir. 2022) (internal quotation marks omitted).

When reviewing whether a sentence is reasonable, we first "ensure that the district court committed no significant procedural error." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "If [we] find no significant procedural error, [we] then consider the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Id.* at 176 (internal quotation marks omitted). A below- or within-Guidelines sentence is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022), *petition for cert. filed*, No. 21-8089 (U.S. June 8, 2022). A defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 595 (2021).

We conclude that Howard's sentences are reasonable. The district court did not clearly err by finding that the firearm Howard possessed had the potential of facilitating the drug offense, and the court therefore did not abuse its discretion by applying the associated four-level increase to Howard's advisory Guidelines range. *See United States v. Bolden*, 964 F.3d 283, 287-88 (4th Cir. 2020). Moreover, the district court did not clearly err by finding that Howard was not entitled to an acceptance-of-responsibility reduction to his advisory Guidelines range. *See United States v. Harris*, 890 F.3d 480, 488 (4th Cir. 2018). Howard has also not established that the district court clearly erred by adopting the factual findings contained in the presentence report, nor has he rebutted the presumption that his below- and within-Guidelines sentences are substantively reasonable.

Finally, Howard argues that his attorneys rendered ineffective assistance before the district court and on appeal. We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). After reviewing the record, we conclude that Howard's claims are not cognizable on direct appeal.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Howard, in writing, of the right to

---

[*] Howard should bring these claims, if at all, in in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

7

petition the Supreme Court of the United States for further review.  If Howard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Howard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*