**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4140**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JERMARISE DEJUANN BOLDEN,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00200-WO-1)

Submitted:  March 26, 2020                    Decided:  July 13, 2020

Before GREGORY, Chief Judge, FLOYD and HARRIS, Circuit Judges.

Vacated and remanded by published opinion.  Judge Harris wrote the opinion, in which Chief Judge Gregory and Judge Floyd joined.

J. Scott Coalter, COALTER LAW P.L.L.C., Greensboro, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Whitney N. Shaffer, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

PAMELA HARRIS, Circuit Judge:

Jermarise Bolden pleaded guilty to being a felon in possession of a firearm after officers discovered guns and drugs in the bedroom of a private home where Bolden was arrested.  At sentencing, the district court applied a four-level enhancement to Bolden's Sentencing Guidelines offense level on the ground that Bolden possessed a firearm in connection with another felony offense – specifically, felony possession of cocaine.  Because the district court made no findings linking Bolden's possession of a firearm to his felony drug possession, we vacate and remand for resentencing.

## I.

In the early morning of October 13, 2017, police responded to a report of gunshots inside a home in Burlington, North Carolina.  Bolden, a guest at the residence, had become paranoid after using drugs, placed two women in a "bear hug," and begun shooting at shadows on the walls inside the home's rear bedroom.  J.A. 91.  When officers arrived at the scene, they swiftly placed Bolden in custody and conducted a protective sweep of the rear bedroom where he was found, ultimately recovering two handguns, 2.6 grams of marijuana, and 300 milligrams of cocaine base.  The officers then took Bolden to Alamance Regional Medical Center where he was evaluated, treated for psychosis and suicidal ideation, and diagnosed with multiple psychiatric disorders.

Months later, federal authorities charged Bolden in a one-count indictment for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Bolden pleaded guilty pursuant to a plea agreement with the government.[1]

Bolden's probation officer prepared a pre-sentence report ("PSR") and concluded that Bolden had committed first-degree kidnapping by restraining the two women from the bedroom against their will. Relying on that determination, the PSR recommended that Bolden's total offense level be increased under U.S.S.G. § 2K2.1(b)(6)(B), which provides a four-level enhancement for § 922(g)(1) offenses when a defendant possesses the firearm "in connection with another felony offense."

Bolden objected to the application of § 2K2.1(b)(6)(B), contending that "he did not use a firearm in connection with another felony offense." J.A. 81. Specifically, Bolden challenged the PSR's conclusion that he had committed felony kidnapping, claiming among other things that his mental condition on the morning of October 13 made it impossible for him to form the specific intent required for kidnapping under North Carolina law. *See* N.C. Gen. Stat. § 14-39(a) (kidnapping is the unlawful restraint of another person

---

[1] After Bolden filed his opening brief in this case, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. We directed the parties to file supplemental briefs addressing the impact of *Rehaif* on the validity of Bolden's guilty plea and conviction, and the parties agreed that the district court had failed to instruct Bolden of the knowledge-of-status element when he entered his plea. Notwithstanding this error, Bolden informed us that he would "waive[] any claim of relief pursuant to *Rehaif*," Supp. Br. of Appellant at 1, and so we do not address the matter further. *Cf. United States v. Johnson*, No. 19-4008, 2020 WL 2116569, at *1 n.* (4th Cir. May 1, 2020) (claim of *Rehaif* error can be waived).

"for the purpose of" achieving certain illicit aims). Absent the erroneous kidnapping finding, Bolden maintained, the Guidelines would have called for 63 to 78 months' imprisonment, as opposed to the 120 months recommended in the PSR, and he asked that the district court sentence him within this lower range.

The district court considered Bolden's objection at a sentencing hearing on February 14, 2019. The government introduced testimony from four officers who had participated in Bolden's arrest. The officers described their discovery of guns and drugs in the bedroom where Bolden was arrested, recounting how two women at the scene complained that Bolden had seized them, brandished a firearm, and warned them to stay still. After hearing this testimony, the district court was satisfied that the government had established the physical restraint element of North Carolina kidnapping, but not the specific-intent element. As the district court put it, the officers' testimony indicated that Bolden was suffering from a "drug-induced psychosis that was leading him to act in the fashion he did," J.A. 46–47 – meaning that he lacked the specific intent required to commit kidnapping.

After considering the parties' arguments, the district court settled on a Solomonic solution. It agreed with Bolden that "there wasn't a kidnapping" due to his "lack of specific intent." J.A. 51. But the four-level enhancement still would apply, the court ruled, because Bolden had committed "a number of crimes" – including, as relevant to this appeal, "felonious possession of cocaine" – "in that back bedroom to support the application of the plus four," i.e., the four-level enhancement under § 2K2.1(b)(6)(B). J.A. 51. The district court did not make an express finding that Bolden's possession of a firearm was

4

"connect[ed]" to the possession of cocaine for purposes of the enhancement or otherwise explain its reasoning on that point. U.S.S.G. § 2K2.1(b)(6)(B).

Once it had announced its intent to apply the four-level enhancement, the district court summarized the impact of its decision, confirming with the probation officer that Bolden's advisory sentencing range now would be 92 to 115 months' imprisonment. Recognizing that it was "springing a new calculation" on Bolden "at least with an alternate basis for the plus four" enhancement under § 2K2.1(b)(6)(B), the district court offered defense counsel an opportunity to take "some additional time to prepare to proceed." J.A. 53. Defense counsel indicated that he was ready to proceed, and so the district court moved on to hear argument as to the appropriate sentence.

Ultimately, the district court sentenced Bolden to 102 months' imprisonment, squarely within the adjusted advisory sentencing range. Bolden noted a timely appeal of his sentence.

## II.

On appeal, Bolden has one claim: He did not possess a firearm "in connection with" any other felony offense, and so the district court erred by applying the four-level enhancement pursuant to § 2K2.1(b)(6)(B). The government responds that Bolden's possession of a firearm was connected to his felony possession of cocaine and urges us to affirm Bolden's sentence on that basis and that basis only.[2] In this posture, however, we

---

[2] In applying the four-level enhancement, the district court also suggested that Bolden had possessed a firearm in connection with a "felonious assault." But as Bolden

5

find ourselves unable to review the district court's application of § 2K2.1(b)(6)(B), because the district court made no findings connecting Bolden's possession of a firearm to his possession of cocaine and gave no indication of its reasoning. Accordingly, we vacate and remand for resentencing.

**A.**

Before considering the merits of this case, we must first determine our standard of review. Ordinarily, we review criminal sentences for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 41 (2007), and will vacate a sentence as procedurally unreasonable if a district court makes clearly erroneous factual findings in the course of calculating a defendant's advisory sentencing range. *See United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010). Here, however, the government claims that we should review for plain error only: According to the government, while Bolden argued that his conduct did not rise to the level of kidnapping and objected to the application of § 2K2.1(b)(6)(B) on that basis, he never contested directly the district court's decision to

_____

points out, it is not clear that his conduct could satisfy the elements of any state assault offense, most of which include the same kind of specific-intent element that precluded a finding of kidnapping in this case. And, notably, the government does not defend Bolden's sentence on that ground, pointing only to cocaine possession as a predicate felony offense under § 2K2.1(b)(6)(B). Without a defense by the government and in the absence of clarity from the district court as to which form of felony assault it had in mind, we are not in a position to consider whether some version of "felonious assault" might support the four-level enhancement in this case. *See Wilburn v. Mid-S. Health Dev., Inc.*, 343 F.3d 1274, 1280–81 (10th Cir. 2003) (court of appeals may resolve an issue where "the proceedings below resulted in a record of amply sufficient detail and depth," but will not consider issues that are "not adequately addressed" on appeal (citations omitted)).

6

impose the four-level enhancement based on the alternative felony offense of cocaine possession. We disagree.

Ahead of his sentencing, Bolden clearly objected to the application of § 2K2.1(b)(6)(B). In a written brief, Bolden broadly asserted that "the government ha[d] failed to prove that [he] possessed a firearm in connection with another felony offense," and argued that this precluded the four-level enhancement. J.A. 82. It was only natural that the bulk of this argument concerned the government's failure to prove the elements of kidnapping, as that offense was the only ground the probation officer and the government had identified for the district court to apply § 2K2.1(b)(6)(B). Under these circumstances, Bolden's written objections were sufficiently clear "to alert the district court" to the alleged error that he now challenges on appeal. *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012).

Nor did Bolden have a meaningful opportunity to object more specifically before the district court to its reliance on cocaine possession as a predicate felony under § 2K2.1(b)(6)(B). *Cf.* Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice the party."). Again, not surprisingly, the portion of Bolden's sentencing hearing devoted to establishing his Guidelines sentencing range was focused on kidnapping, and whether the government could show by a preponderance of the evidence that Bolden had committed that offense. It was not until the district court issued its ruling that it *sua sponte* identified cocaine possession as an alternative offense that could support § 2K2.1(b)(6)(B)'s four-level enhancement. And crucially, when the district court recognized that it was "springing" a

7

new theory on Bolden, it did not invite further discussion: The district court announced the decision it had made to "apply the guideline range as calculated, . . . plus four levels for possession of a firearm in connection with another felony offense," J.A. 51, and stated that it would "amend the [PSR] accordingly," J.A. 53.

In short, Bolden clearly objected to the four-level enhancement prior to his sentencing hearing. When the district court *sua sponte* ruled that it would rely on a new and alternative ground to apply that enhancement, Bolden was not required to assert an after-the-fact and formulaic objection in order to preserve the argument he raises here. *See United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010).

## B.

We now reach the only merits issue presented in this appeal: Whether the district court clearly erred when it applied § 2K2.1(b)(6)(B)'s four-level enhancement on the ground that Bolden possessed a firearm "in connection with" the felony possession of cocaine. Because the district court made no factual findings linking the firearms to Bolden's cocaine possession and did not otherwise explain its reasoning, we cannot affirm the application of § 2K2.1(b)(6)(B) on this record. *See Wilkinson*, 590 F.3d at 269–70 (vacating and remanding sentence where absence of explanation makes it impossible to review finding under clearly erroneous standard).

The Guidelines instruct, in Application Note 14(A), that a firearm is possessed "in connection with" another felony offense for purposes of the four-level enhancement when that firearm "facilitated[] or had the potential of facilitating" another felony. U.S.S.G. § 2K2.1 cmt. n.14(A). Under our precedents, this standard is not especially burdensome:

8

We will find it satisfied when a firearm has "some purpose or effect with respect to the other offense," including cases where a firearm is "present for protection or to embolden the actor." *United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009) (internal quotations and citations omitted). On the other hand, we have stressed that a firearm does not have the requisite purpose or effect when it is "present due to mere accident or coincidence." *Id.* at 163 (internal quotation marks and citation omitted).

In one category of cases, we may infer the requisite facilitation from close physical proximity between a firearm and drugs. When the "[o]ther felony offense . . . is drug *trafficking*," then under Application Note 14(B), a firearm "found in close physical proximity to drugs" presumptively "has the potential of facilitating" the trafficking offense. *See* U.S.S.G. § 2K2.1 cmt. n.14(B) (emphasis added); *see also Jenkins*, 566 F.3d at 163. But where, as here, the other offense is simple drug *possession*, "the general rule of Application Note 14(A) governs, and therefore the district court must evaluate whether the firearm 'facilitated, or had the potential of facilitating' the other offense to determine whether Section 2K2.1(b)(6) applies." *Jenkins*, 566 F.3d at 163 (quoting U.S.S.G. § 2K2.1 cmt. n.14(A)).

In *Jenkins*, we affirmed the application of § 2K2.1(b)(6)(B)'s four-level enhancement where the district court had engaged in that evaluation and found expressly that "on the facts [ofthat] case, . . . the gun [had] the potential of facilitating the possession of crack cocaine." *Id.* That finding was not clearly erroneous, we held, where the defendant possessed the gun and the cocaine simultaneously, on his person, *id.* at 161, 164, and in a context – late at night on a public street – where there was a "heightened need for

9

protection" and it was reasonable to infer that the "firearm emboldened" the defendant, *id.* at 164 (citation omitted).

In this case, by contrast, we have no express finding of "facilitation" to review under the clearly erroneous standard. *Cf. Wilkinson*, 590 F.3d at 269 (finding of amount of loss was insufficiently explained to allow for review for clear error). Nor is the potential for facilitation so obvious from the record that we may assume the district court's fact-finding role ourselves with any confidence. The record does make clear that Bolden used at least one of the firearms in connection with his seizure of the women in the rear bedroom – and if kidnapping had remained the predicate felony offense for application of § 2K2.1(b)(6)(B), we might have a different case before us. But we see no similarly plain connection between the firearms and the last-minute substitute offense of cocaine possession.

There is no record evidence, for instance, that Bolden brought the guns and the drugs together to the house where he was a guest, or indeed, that he was the one who brought them there at all. The record does suggest, however, that Bolden possessed and used the firearm only after possessing and using cocaine, not simultaneously. Unlike the defendant in *Jenkins*, Bolden was not in public, where a firearm may "embolden" someone carrying illegal drugs, but rather in a private home, where firearms often are kept for reasons other than the protection of drugs. And while the firearms and the cocaine were found in the same bedroom, as the district court noted, *see* J.A. 51, that physical proximity is not by itself enough to establish the necessary connection between guns and a drug possession offense. *See Jenkins*, 566 F.3d at 163. Taken as a whole, this record does not compel the

10

conclusion that Bolden's possession of a firearm was connected to his possession of cocaine, rather than the "result of mere accident or coincidence." *Jenkins*, 566 F.3d at 164 (internal quotation omitted).[3]

Our holding, to be clear, is not that the § 2K2.1(b)(6)(B) enhancement is inapplicable as a matter of law. It will be for the district court, in the first instance, to determine whether there is evidence to support a finding that Bolden's possession of a firearm facilitated or had the potential to facilitate his possession of cocaine, consistent with cases like *Jenkins*. But on this record – with no district court finding as to facilitation, and no indication of why the district court might have thought there was facilitation here – we are unable to review the application of § 2K2.1(b)(6)(B) and must instead vacate the defendant's sentence and remand for resentencing. *See Wilkinson*, 590 F.3d at 269–70; *United States v. Briggs*, 919 F.3d 1030, 1032–33 (7th Cir. 2019) (vacating sentence and remanding for resentencing where district court failed to make findings "about how [the defendant's] felony cocaine *possession* was connected to his firearms").

---

[3] The government provides little in the way of argument for how Bolden's possession of a firearm might have facilitated his cocaine-possession offense. Instead, it claims the reverse: that it was Bolden's use of cocaine that caused him to fire a gun. The government's theory would seem to turn § 2K2.1(b)(6)(B) on its head: According to the Sentencing Commission, that enhancement applies only "if the *firearm* . . . facilitated, or had the potential of facilitating, [the other] felony offense." U.S.S.G. § 2K2.1 cmt. n.14(A) (emphasis added). In any event, there is no record indication that the district court considered or adopted this theory in applying § 2K2.1(b)(6)(B).

**III.**

For the reasons stated, we vacate Bolden's sentence and remand for resentencing consistent with this opinion.

*VACATED AND REMANDED*<sup>*</sup>

---

* This opinion is published without oral argument pursuant to this Court's Standing Order 20-01, http://www.ca4.uscourts.gov/docs/pdfs/amendedstandingorder20-01.pdf (amended Apr. 7, 2020).