**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4176**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DEVONTE LAMAR JACKSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00323-WO-1)

Submitted:  September 30, 2021           Decided:  October 22, 2021

Before NIEMEYER, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Joanna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devonte Lamar Jackson pleaded guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). The district court sentenced Jackson to 116 months' imprisonment. On appeal, Jackson challenges the district court's application of sentencing enhancements for possession of a firearm in connection with another felony offense and assaulting a law enforcement officer, pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(6)(B), 3A1.2(c)(1) (2018). We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing a sentence for procedural reasonableness, we "ensure that the district court committed no significant procedural error." *Id.* at 51. Procedural errors include "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.*; *see United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019). Generally, when reviewing a district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018).

Jackson first claims that the USSG § 2K2.1(b)(6)(B) enhancement for possession of a firearm in connection with another felony offense is erroneous because the Government did not establish that he had the required mens rea for the supporting felony, North Carolina robbery with a dangerous weapon, in violation of N.C. Gen. Stat. § 14-87(a) (2020). This enhancement was based on Jackson's conduct of taking the investigating officer's Taser

from the officer's duty belt, using it against the officer, fleeing the scene with it, and while in flight away from the scene, abandoning the Taser in a surrounding wooded area. Jackson first insists that he did not have the intent to permanently deprive the officer of the Taser because he abandoned the Taser while fleeing the scene. He also contends that the district court erred by applying the sentencing enhancement for using a firearm in connection with the North Carolina robbery because he did not brandish or otherwise use his own firearm to gain the Taser.

Section 2K2.1(b)(6)(B) of the Guidelines prescribes a four-level enhancement to a defendant's offense level when the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm is possessed "in connection with" another felony offense "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "Another felony offense" is "any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). "[T]his standard is not especially burdensome: We will find it satisfied when a firearm has some purpose or effect with respect to the other offense, including cases where a firearm is present for protection or to embolden the actor." *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020) (internal quotation marks omitted).

To establish the North Carolina robbery with a dangerous weapon offense, there must be: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous

3

weapon, (3) whereby the life of the person is endangered or threatened." *State v. Mann*, 560 S.E.2d 776, 782 (N.C. 2002) (internal quotation marks omitted). "A dangerous weapon is generally defined as any article, instrument[,] or substance which is likely to produce death or great bodily injury." *State v. Fleming*, 557 S.E.2d 560, 563 (N.C. Ct. App. 2001) (internal quotation marks omitted).

"The intent required for [a North Carolina robbery with a dangerous weapon] is the intent to permanently deprive the owner of the property at the time of the taking." *Mann*, 560 S.E.2d at 782. This mens rea "could be inferred where there was no evidence that the defendant ever intended to return the property, but instead showed a complete lack of concern as to whether the owner ever recovered the property." *Id.* at 783 (internal quotation marks omitted). Lastly, "by abandoning [the] property, the thief puts it beyond his power to return the property and shows a total indifference as to whether the owner ever recovers it." *Id.* (internal quotation marks omitted). "[T]he intent to permanently deprive need not be established by direct evidence but can be inferred from the surrounding circumstances." *State v. Kemmerlin*, 573 S.E.2d 870, 889 (N.C. 2002).

In this case, at the time of the taking, Jackson used physical force to grab the Taser. Jackson then deployed several probes on the officer to evade arrest. The fact that Jackson later discarded the Taser does not negate his intent to deprive the officer of the Taser when he first took it by force against the officer's will. In fact, by abandoning the Taser while fleeing the scene, Jackson demonstrated that he "did not intend to return the [Taser] and was indifferent as to whether the [officer would] ever recover[] [it]." *Id.*. Therefore, we

4

conclude that the evidence supported the district court's finding that Jackson's actions satisfied the elements of a robbery with a dangerous weapon.

We next address Jackson's argument that the enhancement does not apply because he did not brandish or otherwise use his own firearm. Here, the record shows that Jackson's firearm facilitated the robbery of the Taser. During Jackson's physical struggle, the officer was preventing Jackson from reaching for his firearm located in Jackson's waistband. Jackson's possession of a firearm, therefore, kept the officer occupied attempting to control Jackson's ability to pull the firearm from his waistband while Jackson successfully grabbed the officer's Taser. Accordingly, the enhancement under USSG § 2K2.1(b)(6)(B) was not error. *See Bolden,* 964 F.3d at 287 (holding that enhancement was proper where firearm protects or emboldens actor).

Next, Jackson argues that the district court improperly applied the enhancement for assaulting a law enforcement officer because the officer only suffered minor injuries. An adjustment under USSG § 3A1.2(c)(1) applies if a defendant knowingly assaulted a law enforcement officer, in the course of his offense or during immediate flight, "in a manner creating a substantial risk of serious bodily injury." The Guidelines' commentary clarifies that "substantial risk of serious bodily injury" encompasses "any more serious injury that was risked, as well as actual serious bodily injury (or more serious injury) if it occurs." USSG § 3A1.2 cmt. n.4(B). This "provision applies in circumstances tantamount to aggravated assault[,]" and "a completed battery satisfies [USSG] § 3A1.2(c)(1)'s assault requirement." *United States v. Hampton*, 628 F.3d 654, 659-61 (4th Cir. 2010) (internal quotation marks omitted).

5

The record shows that Jackson, while in possession of a firearm, grabbed the officer's Taser and deployed the Taser several times, some hits contacting the officer. The situation escalated to the need for the officer to draw his firearm. We conclude that the district court did not err in concluding that Jackson's battery while resisting arrest was sufficient to warrant the enhancement. As such, the district court did not err in applying the challenged enhancements.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*