**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-4007**

─────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

JERMARISE DEJUANN BOLDEN,

    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00200-WO-1)

─────────

Submitted:  January 28, 2022                    Decided:  October 14, 2022

─────────

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and FLOYD, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:**  J. Scott Coalter, COALTER LAW P.L.L.C., Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Joanna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermarise Dejuann Bolden pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court calculated Bolden's advisory sentencing range under the U.S. Sentencing Guidelines Manual (2016) at 63 to 78 months' imprisonment and, after imposing an upward variance, sentenced Bolden to 96 months' imprisonment.[1] Bolden challenges the substantive reasonableness of this sentence on appeal. We affirm.

"We review the reasonableness of a [criminal] sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020). Although an above-Guidelines-range sentence carries no presumption of reasonableness on appeal, "a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008).

In reviewing the substantive reasonableness of a variant sentence,[2] "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range."

---

[1] The district court previously sentenced Bolden to 102 months' imprisonment for this conviction. Bolden appealed, and we vacated that sentence and remanded for resentencing. *United States v. Bolden*, 964 F.3d 283, 286, 288-89 (4th Cir. 2020).

[2] We have confirmed after review of the record that the sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019).

2

*United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted).   When a district court decides that a sentence outside the Guidelines range is appropriate, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."   *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).   Extraordinary circumstances, however, are not necessary to justify a deviation from the Guidelines range. *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017).   "[E]ven though we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Zuk*, 874 F.3d at 409 (cleaned up).   Rather, "we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."   *Id.* (internal quotation marks omitted).

Bolden argues that his sentence is substantively unreasonable and more severe than necessary because the district court failed to adequately consider his mental health condition at the time of his offense conduct, a condition he contends merits a within-Guidelines-range sentence.  Although the district court sentenced Bolden to a prison term 18 months above the top of the advisory Guidelines range, we conclude the imposition of this term does not amount to an abuse of discretion under the circumstances.  The district court properly considered and explained its decision pursuant to relevant 18 U.S.C. § 3553(a) factors.   The court explicitly considered the record evidence and argument regarding the existence of, and any mitigating value to be afforded to, Bolden's mental health conditions, determined that it could not find those conditions alone were the cause

3

of his offense conduct, considered those conditions as part of its weighing of the § 3553(a) factors, and reasonably concluded that a term within the Guidelines range or a downward variance to a term below that range were not warranted.

Further, as the district court explained, Bolden's offense conduct was extraordinarily serious, *see* 18 U.S.C. § 3553(a)(1). The conduct went beyond mere prohibited possession of a firearm and included his shooting at the walls of a residence and pointing a firearm at two women after he had incurred a host of firearm-related convictions in his criminal record. The court recognized the need for the prison sentence to reflect the serious nature of Bolden's conduct, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public, *id.* § 3553(a)(2)(A)-(C), given that Bolden engaged in his offense conduct after incurring a lengthy criminal record and did not appear to have been deterred by shorter incarceration terms imposed for his prior convictions and given his confirmed behavioral pattern of failing to conform his conduct to applicable rules. Given these aggravating circumstances, the district court acted reasonably in concluding that the § 3553(a) factors justified the imposition of the 96-month upward variance sentence in this case. Affording due deference to the district court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justify the 96-month prison term, *see United States v. Diosdado-Star*, 630 F.3d 359, 362, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on district court's examination of relevant § 3553(a) factors), we find no abuse of discretion in the imposition of the sentence and thus affirm the amended criminal judgment.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*