**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-4555**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEROME LEPRICE MOBLEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00023-MOC-DCK-1)

———————

Submitted:  September 6, 2022                    Decided:  April 4, 2023

———————

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.  Judge Rushing dissents in part.

———————

**ON BRIEF:** Anthony Martinez, Federal Public Defender, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Leprice Mobley appeals the 46-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he disputes the district court's application of a Sentencing Guidelines enhancement for possession of a firearm in connection with another felony offense. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). For the reasons that follow, we vacate and remand.

"[A] firearm is possessed 'in connection with' another felony offense for purposes of the four-level enhancement [in USSG § 2K2.1(b)(6)(B)] when that firearm 'facilitated or had the potential of facilitating' another felony." *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020) (brackets omitted) (quoting USSG § 2K2.1 cmt. n.14(A)). Notably, a presumption in favor of facilitation applies when (1) the other felony offense is a drug trafficking crime, and (2) the firearm and the drugs were found in close proximity to one another. *Id.* (citing USSG § 2K2.1 cmt. n.14(B)). However, no such presumption applies when the other felony offense is simple drug possession; rather, the district court must find that the firearm facilitated or had the potential to facilitate the defendant's possession of illicit drugs. *Id.*; *see* USSG § 2K2.1 cmt. n.14(A).

From this record, we cannot discern whether the district court decided that the other felony offense was a drug possession crime or a drug trafficking crime. And the lack of clarity on this issue is critical because the court did not make an explicit finding as to facilitation. So, if the predicate was a drug trafficking offense, then the absence of a facilitation finding is immaterial, since the facilitation presumption would apply. But if

2

the predicate was a drug possession offense, then the court likely erred in applying the enhancement without expressly finding that the firearm facilitated Mobley's simple possession of cocaine.

Accordingly, we vacate Mobley's sentence and remand for resentencing.[1]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*[2]

---

[1] The parties also request that we allow the district court to reconsider the imposition of a supervised release condition that the court had imposed pursuant to a standing order that has since been amended.  The court will now have an opportunity to address this issue on remand.

[2] Judge Rushing would affirm the sentence with the exception of supervised release condition #16, which the parties have agreed to vacate and remand.