**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4057

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cr-00020-JPB-JPM-1)

Submitted:  September 28, 2023                    Decided:  October 3, 2023

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Edward Lee Gillison, Jr., GILLISON & GILLISON LAW OFFICES, Weirton, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Clayton J. Reid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Wright pled guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]  The district court sentenced Wright to 120 months' imprisonment.  On appeal, Wright argues that the district court erred in calculating his advisory Sentencing Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021), based on the court's finding that Wright possessed a firearm in connection with another felony offense.  Finding no reversible error, we affirm.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted).  In considering a challenge to the calculation of the Sentencing Guidelines, we review the district court's legal determinations de novo and its factual findings for clear error.  *Id.*  "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).  "If the district court's account of the evidence is plausible in

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The 15-year statutory maximum does not apply in this case, however, because Wright committed his offense before the June 25, 2022, amendment of the statute.

light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

The Sentencing Guidelines recommend a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm was possessed "in connection with" another felony offense if it "facilitated or had the potential of facilitating another felony," which occurs when the "firearm has some purpose or effect with respect to the other offense." *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020) (brackets and internal quotation marks omitted). "Another felony offense" is "any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). "The government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015).

Law enforcement officers responded to Wright's apartment because his girlfriend, Alicia Wilson, sent messages to her sister stating that Wright had tried to kill her and had, *inter alia*, locked her in a bathroom, tried to wrap a wire around her neck, and stuck a 9mm pistol in her mouth. Upon a search of the apartment pursuant to a warrant, officers recovered ammunition, two firearms—including a 9mm caliber SCCY pistol—and a vacuum-sealed bag of approximately 346 grams of suspected marijuana. The marijuana

3

was found under the bed; one of the firearms was located under the mattress of the same bed. In a subsequent written statement to law enforcement, Wilson reiterated her prior allegations and further stated that Wright tried to shove a loaded 9mm pistol into her rectum during sexual intercourse and had threatened to kill her and himself. Based on these facts, the Government argued Wright's possession of the firearm facilitated several state felony offenses, including wanton endangerment involving a firearm, sexual assault, kidnapping, and strangulation.

Wilson later backtracked on her statements. At sentencing, she testified that she was uncomfortable with them because she did not remember the night in question. She also testified that all of the firearms, ammunition, and marijuana recovered during the search of the apartment belonged to her. The Government cross-examined Wilson and introduced as evidence the messages she sent to her sister; her statement to police; and photographs of bruises on her body, which were taken by police officers on the day she provided her written statement. ATF Special Agent Heather Kozik testified about an interview she conducted with Wilson, during which Wilson informed Kozik that she was no longer comfortable with the written statement.[2] Wilson also told Kozik she had not been in contact with Wright. Kozik testified that she reviewed Wright's recorded jail phone calls, which included calls with Wilson and additional calls with others, during which Wright urged his friends to convince Wilson to change her story.

---

[2] Wright entered Kozik's report of the interview as a defense exhibit.

4

The district court expressly discredited Wilson's testimony, stating, "[a]fter hearing the testimony and reviewing the documents that have been admitted into evidence, I would say that the only thing that Ms. Wilson said today that I believe is her name." (J.A. 63-64).[3] The court explained that it believed Wilson's original statement to police, "consistent with the [messages] that she sent on the night in question," accurately described the relevant events. (J.A. 64). The court therefore applied the four-level enhancement under USSG § 2K2.1(b)(6)(B) based on its finding that a firearm was used "in the assault upon Ms. Wilson." (J.A. 64).

On appeal, Wright contends that the Government failed to establish the enhancement applied because its evidence was "not properly authenticated" and included Wilson's statements that she had since disclaimed. He also contends that the district court failed to make sufficient findings to support the enhancement.

Preliminarily, Wright offers no specific challenge to the authenticity of the Government's evidence, and the Federal Rules of Evidence do not apply to sentencing proceedings. Fed. R. Evid. 1101(d)(3); *see United States v. Powell*, 650 F.3d 388, 392 (4th Cir. 2011) (explaining sentencing court may "consider any relevant information before it . . . , provided that the information has sufficient indicia of reliability to support its accuracy"). Accordingly, the district court did not plainly err by accepting and considering the Government's evidence at sentencing. *See United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020) (stating standard of review for arguments raised for first time on appeal).

---

[3] "J.A." refers to the joint appendix filed by the parties in this appeal.

5

Wright's substantive challenge—that the Government's evidence was insufficient to support the enhancement because Wilson later changed her story—fails because the district court credited Wilson's original statements and explicitly discredited the later testimony on which Wright's argument relies. Finally, based on all the relevant evidence, the court expressly found that Wright used or possessed a firearm in connection with another felony offense committed during the assault on Wilson. We discern no clear error in this finding. *See, e.g.*, *State v. Bell*, 565 S.E.2d 430, 434-35 (W. Va. 2002) (explaining that in West Virginia, "an individual commits wanton endangerment if he wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another" (internal quotation marks omitted)).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*