**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4389**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DIAMONIQUE SHAWN NEWTON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00304-D-BM-1)

———————

Submitted:  April 28, 2026                      Decided:  April 30, 2026

———————

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diamonique Shawn Newton pled guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Newton to 78 months' imprisonment. On appeal, Newton argues that the district court erred in calculating his advisory Sentencing Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2024), based on the court's finding that Newton possessed a firearm in connection with another felony offense. Finding no reversible error, we affirm.

We review a defendant's sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). In considering a challenge to the calculation of the Sentencing Guidelines, we review the district court's legal determinations de novo and its factual findings for clear error. *Id.* "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

The Sentencing Guidelines recommend a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense."

3

USSG § 2K2.1(b)(6)(B).  A firearm was possessed "in connection with" another felony offense if it "facilitated or had the potential of facilitating another felony," which occurs when the "firearm has some purpose or effect with respect to the other offense," including where "a firearm is present for protection or to embolden the actor."  *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020) (citation modified).  "Another felony offense" is "any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  USSG § 2K2.1 cmt. n.14(C). "The government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence."  *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015).

Here, the record shows that police were monitoring Newton's social media accounts because he was a gang member and a convicted felon.  They saw numerous pictures and videos of Newton with firearms and suspected marijuana and, as a result, they obtained a search warrant for his home.  When police executed the search warrant, Newton attempted to flee, but he was quickly detained; police found a stolen Glock handgun, a glass jar of marijuana, and a digital scale on the living room table, and a larger bag containing marijuana elsewhere in the living room.  In total, police seized approximately 188 grams of marijuana and two firearms from Newton's home.

At sentencing, Detective Kuchen, who was present when the search warrant was executed, testified that, based on his training and experience as a member of the gang suppression unit, 188 grams of marijuana was not an amount consistent with personal use.

4

In overruling Newton's objection to application of the enhancement, the district court found that Newton's attempt to flee evidenced consciousness of guilt and that his social media postings "essentially advertised" that he had a firearm and marijuana. The court credited Detective Kuchen's testimony regarding his observations of Newton's social media, the execution of the search warrant, and the proximity of the Glock, marijuana, and digital scale—which the court found evidenced Newton's intent to distribute. The court also found that the presence of a firearm emboldened Newton and made the separate felony more dangerous, prevented someone from potentially robbing Newton of the marijuana, and enabled Newton to protect himself and his drugs. The court therefore applied the four-level enhancement under USSG § 2K2.1(b)(6)(B) based on its finding that a firearm facilitated Newton's possession with intent to sell or deliver marijuana.

Newton's arguments on appeal—that the evidence supported a finding that the marijuana seized was for personal use and that the firearm did not facilitate a drug trafficking offense—fail because the district court did not clearly err by crediting Detective Kuchen's testimony. Based on all the relevant evidence, the court expressly found that Newton used or possessed a firearm in connection with another felony offense—possession with intent to sell marijuana—and the presence of the firearm emboldened the separate felony offense. *See Bolden*, 964 F.3d at 287. We discern no clear error in this finding.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5