**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4688**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JONATHAN REVELS,

              Defendant – Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:20-cr-00020-BO-2)

───────────────

Argued:  March 18, 2026                     Decided:  May 27, 2026

───────────────

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

───────────────

Sentence vacated and remanded for resentencing by published opinion. Judge Heytens wrote the opinion, which Judge Harris and Judge Quattlebaum joined.

───────────────

**ARGUED:** Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant. Jake Pugh, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

TOBY HEYTENS, Circuit Judge:

In sentencing Jonathan Revels, the district court relied on a provision of the Federal Sentencing Guidelines that applies only "[i]f the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense[.]" U.S.S.G. § 2K2.1(c)(1). We do not conclusively resolve whether that provision applies to Revels. Instead, "mindful that we are a court of review, not of first view," we vacate and remand for resentencing because the district court's "factual findings were legally insufficient to support its application" of the relevant provision. *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005) (first quote); *United States v. Avila*, 134 F.4th 244, 246 (4th Cir. 2025) (second quote).

I.

On September 4, 2016, Revels was involved in a four-person altercation that culminated in him fatally shooting Jason Hunt with a revolver. Most of the incident was captured on video. The video and other evidence show Revels possessed three firearms at various times: (1) a Browning shotgun; (2) a Mossberg shotgun; and (3) the revolver he used to shoot Hunt.

A grand jury charged Revels with one count of violating 18 U.S.C. § 922(g)(1), which prohibits possessing a firearm after being convicted of a qualifying offense. The indictment also included a forfeiture notice that referenced the Browning and Mossberg shotguns. In contrast, the indictment made no reference to the revolver.

A jury found Revels guilty, and the district court originally sentenced him to 120 months of imprisonment. During a previous appeal, this Court affirmed Revels' conviction

2

but remanded for resentencing because the government "mistakenly misrepresented a material fact at the sentencing hearing." *United States v. Revels*, No. 21-4692, 2023 WL 3002747, at \*2 (4th Cir. Apr. 19, 2023). While that appeal was pending—and thus before any resentencing proceedings had taken place—a state court convicted Revels of voluntary manslaughter for his role in Hunt's death. *State v. Revels*, 895 S.E.2d 630, 2024 WL 17229, at \*1 (N.C. Ct. App. 2024) (unpublished table decision).

On remand, the parties did not agree about Revels' advisory Guidelines range or an appropriate sentence. Relying on the district court's findings at the initial sentencing hearing, the probation officer calculated a Guidelines range of 235 to 293 months and recommended a sentence of 120 months (the statutory maximum). That Guidelines calculation relied on two critical moves. *First*, that Revels "used or possessed" a firearm "cited in the offense of conviction in connection with the commission . . . of another offense" under Guideline § 2K2.1(c)(1). *Second*, that other offense was properly classified as "Second Degree Murder" under Guideline § 2A1.2. In contrast, Revels insisted no homicide-related enhancement was appropriate (which would have made his advisory Guidelines range 15 to 21 months) and asked the district court to vary downward to account for his still-unserved state court sentence. For its part, the government recommended "the same sentence as last time" (that is, 120 months) "consecutive to what" Revels received in state court. JA 223.

During the initial resentencing hearing, the district court asked what the Guidelines range would be if it concluded: (1) that the "another offense" provision (Guideline § 2K2.1(c)(1)) applied; but (2) the other offense was voluntary manslaughter rather than

3

second-degree murder. Revels and the probation officer agreed such findings would produce a Guidelines range of 87 to 108 months. The district court stated it was "going to apply" the voluntary manslaughter Guideline, JA 225, and announced its intent to impose a sentence of either 84 or 87 months. But after a back-and-forth about whether Revels would ever serve his state court sentence, the district court recessed the hearing to permit the parties to file briefs about the interplay of Revels' federal and state court sentences. When the parties reconvened, the district court reconfirmed the advisory Guidelines range would be 87 to 108 months if it applied the voluntary manslaughter Guideline, and it announced a sentence of 84 months of imprisonment.

Revels appeals anew, making three arguments. *First*, the district court erred in applying the voluntary manslaughter Guideline because the government "did not prove" he "possessed a firearm cited in the offense of conviction in connection with the commission of another offense [where] death resulted." Revels Br. 11–12. *Second*, his sentence is procedurally unreasonable because the district court failed to sufficiently explain the sentence it imposed and its reasons for rejecting his arguments for a lower one. *Third*, his sentence is substantively unreasonable because the district court improperly relied on its personal belief about the likelihood that he would serve his state sentence.

## II.

The district court did not make the necessary findings to trigger Guideline § 2K2.1(c)(1), and the issue is not "so obvious" as to permit us to fill in the gaps ourselves. *United States v. Bolden*, 964 F.3d 283, 288 (4th Cir. 2020). We thus vacate and remand for another round of resentencing.

4

A.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "An error in the calculation of the applicable Guidelines range, whether an error of fact or of law, infects all that follows at the sentencing proceeding, including the ultimate sentence chosen by the district court, and makes a sentence procedurally unreasonable even under our deferential abuse-of-discretion standard." *United States v. Diaz-Ibarra*, 522 F.3d 343, 347 (4th Cir. 2008) (quotation marks removed).

B.

A defendant's Guidelines range is the product of two variables: a criminal history category and an offense level. Everyone agrees Revels' criminal history category is I. The dispute involves his offense level.

Guideline § 2K2.1 supplies the rules for calculating the base offense level for defendants convicted of various firearms offenses, including those (like Revels) convicted of violating 18 U.S.C. § 922(g). See U.S.S.G. § 2K2.1 cmt. statutory provisions. As relevant here, subsection (c)—captioned "Cross Reference"—calls for an enhanced base offense level "[i]f the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense[.]" § 2K2.1(c)(1). When that requirement is satisfied *and* "death resulted" *and* "the resulting offense level is greater than" what would otherwise be provided, subsection (c)(1)(B) directs courts to apply "the most analogous guideline from Chapter

5

Two, Part A, Subpart 1 (Homicide)." § 2K2.1(c)(1)(B). Applying those rules here increased Revels' offense level from 14 to 29. Compare U.S.S.G. § 2K2.1(a)(6)(A) (base offense level of 14 "if the defendant . . . was a prohibited person at the time the defendant committed the instant offense"), with § 2A1.3(a) (base offense level of 29 for voluntary manslaughter).

Critically, the cross reference is not triggered simply because the defendant "used or possessed" *any* firearm "in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1). Instead, the relevant firearm must *also* have been "cited in the offense of conviction" (*id.*), which the Guidelines define as "the offense conduct charged in the count of the indictment or information of which the defendant was convicted." § 1B1.2(a). The only offense of conviction here is a violation of 18 U.S.C. § 922(g). So for the cross reference to apply, the district court had to find that at least one firearm both formed the basis for Revels' Section 922(g) conviction and was used or possessed in connection with the commission or attempted commission of acts constituting voluntary manslaughter.

Now comes the problem: The district court made no such finding. As noted above, the evidence shows Revels possessed three firearms during the fatal confrontation—two shotguns and a revolver. But the district court never specified *which* firearm(s) triggered the cross reference or *why* it concluded the relevant firearm did so.

That omission matters. On the one hand, the revolver plainly was used "in connection with the commission . . . of" the homicide offense, U.S.S.G. § 2K2.1(c)(1), because Revels used it to shoot Hunt. See *United States v. Jenkins*, 566 F.3d 160, 162

6

(4th Cir. 2009) (stating that, under this Court's cases, "a firearm is possessed in connection with another offense if the firearm facilitated or had the potential of facilitating the other offense" (quotation marks removed)). But the government makes no effort to defend the cross reference based on the revolver—and with good reason. Unlike the shotguns, the revolver was not mentioned in the indictment, and the jury heard no evidence that would allow it to conclude beyond a reasonable doubt that the revolver ever traveled in or affected interstate commerce. See 18 U.S.C. § 922(g) (requiring such a connection). Thus, no matter what precisely Guideline § 2K2.1(c)'s reference to "cited in the offense of conviction" means, it is common ground the revolver does not satisfy that standard.[1]

That leaves the shotguns. Unlike the revolver, the indictment mentioned those firearms, and the parties stipulated they had traveled in interstate commerce. The government asserts that Revels' "possession of the shotguns facilitated the killing by emboldening and escalating the conflict that eventually led to [Revels] shooting Hunt with the revolver," U.S. Br. 21, and urges us to affirm the district court's application of the cross reference on that ground.

---

[1] Consistent with this Court's unpublished decisions, we do not hold a firearm must *always* "be specifically identified in the charging instrument in order for the cross reference to apply." *United States v. Aberant*, 741 Fed. Appx. 905, 908 (4th Cir. 2018) (per curiam). In *Aberant*, for example, "the indictment did not identify" *any* specific firearms but the defendant did "not dispute that the rifle he was convicted of unlawfully possessing was the same rifle he used to shoot the victim in [that] case." *Id.* Here, in contrast, the indictment mentioned the shotguns but not the revolver and the government concedes that Revels "was not convicted for [possessing] the revolver." U.S. Br. 25. We agree with *Aberant* that the key question is whether "the defendant used *the same firearm* that is the subject of his conviction in the commission of [the other] offense." 741 Fed. Appx. at 908 (emphasis added).

7

We decline the government's invitation.

*First*, "whether the district court *could* have made a finding that would have survived appellate review is different from whether the court actually made that finding." *Avila*, 134 F.4th at 247–48 (emphasis added). And here, as in *United States v. Bolden*, 964 F.3d 283 (4th Cir. 2020), it is not "so obvious from the record" that Revels' use or possession of the shotguns facilitated his voluntary manslaughter offense "that we may assume the district court's fact-finding role ourselves with any confidence." *Id.* at 288. Revels did not use either shotgun to shoot the victim—he used the revolver. Revels was not holding either shotgun when he shot the victim. Cf. *id.* (noting the defendant "possessed and used the [relevant] firearm only *after* possessing and using cocaine, not simultaneously" (emphasis added)). True, the victim was struck with one of the shotgun's barrels during the melee. But it was one of the other participants—not Revels—who did that. Especially absent any "indication of *why* the district court might have thought" so, we cannot say the existing record "compel[s] the conclusion that" Revels' possession of the shotguns (as opposed to the revolver) facilitated the homicide offense for which he was later convicted in state court. *Id.* at 288–89 (emphasis added).

*Second*, the record suggests the district court relied on facts about Revels' use and possession of the revolver, not the shotguns. Before Revels was originally sentenced—the sentence this Court previously vacated on appeal—he noted that the government did not prosecute him for "hav[ing] possessed a revolver" and objected to the probation officer's

8

proposal to apply a homicide cross reference. SJA 279.[2] In response, the probation officer stated the cross reference was appropriate because "Revels used *a revolver* to shoot Jason Hunt multiple times, causing his death." SJA 280 (emphasis added). During the first sentencing hearing, both the prosecutor and the district court stated that they "agree[d] with probation's interpretation of the Guideline," JA 145 (prosecutor); accord JA 149 (district court), and the district court later adopted the PSR in its entirety. After this Court remanded for resentencing, the probation officer filed an updated sentencing recommendation asserting a homicide cross reference remained appropriate without specifying which firearm(s) formed the basis for that recommendation. And just before the district court announced its final sentence, the prosecutor insisted there was "a valid cross-reference for the possession of a gun . . . that was used to kill someone"—a clear reference to the revolver. JA 256. So even if the district court *could* permissibly have applied the cross reference based on the shotguns, it seems most likely it actually did so on a basis everyone agrees is legally impermissible.

*Finally*, even if we could push past the cross-reference issue, we would need to address Revels' arguments that his sentence is otherwise procedurally or substantively unreasonable. At no point during either of the post-remand hearings did the district court state it was adopting the PSR or announce a definitive conclusion about Revels' advisory Guidelines range. But see *Gall*, 552 U.S. at 49 ("[A] district court should begin all

---

[2] All cited portions of the Sealed Joint Appendix were discussed in the parties' unsealed briefs. See *United States v. Heyward*, 42 F.4th 460, 467 n.4 (4th Cir. 2022).

9

sentencing proceedings by correctly calculating the applicable Guidelines range."). Even assuming the court implicitly concluded the correct range was 87 to 108 months, it neither stated why it imposed a sentence below the bottom of that range nor directly referenced 18 U.S.C. § 3553(a) or any of its factors. But see *Gall*, 552 U.S. at 50 (trial courts "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing"). We also would have to consider the parties' competing arguments about whether the district court adequately considered *and addressed* Revels' non-frivolous arguments for a lower sentence as well as whether the district court erred in relying on its personal beliefs about the odds Revels would actually serve his state sentence. To be clear: We do not resolve any of those issues and vacate Revels' sentence based solely on the cross-reference issue. At the same time, the other legitimate concerns about the way Revels' sentencing proceeded make us even more reluctant to uphold the district court's application of the cross reference based on findings the court never made and a legal theory it never addressed.

*      *      *

As in *Bolden*, "[o]ur holding . . . is not that the" Section 2K2.1(c)(1) cross reference "is inapplicable as a matter of law." 964 F.3d at 288. Instead, "[i]t will be for the district court . . . to determine" on remand "whether there is evidence to support a finding that [Revels'] possession of [either shotgun] facilitated or had the potential to facilitate" the homicide offense for which he was convicted in state court. *Id.* at 289. The sentence is vacated and the case is remanded for further proceedings consistent with this opinion.

*SO ORDERED*

10